The presiding member of our panel, Judge Cabranes, is unable to be with us this afternoon, and so I am taking his place in the center chair, but he will be listening to the arguments and reviewing the matter fully before we reach any decisions. Three cases are scheduled for argument. I understand everyone is here, so we'll start right away. United States v. Van Heusen, is that the correct pronunciation? Erin McCampbell, Lipsitz Green, Shumay, Cambria, Buffalo, New York, on behalf of Defendant Appellant Jermaine Van Heusen. The most profound responsibility that a district judge has is the responsibility to exercise discretion in determining the appropriate sentence for a defendant. My client asks this court to ensure that such discretion is exercised, here in the case of a resentencing, in a manner that comports with the goals of the sentencing guidelines – proportionality, consistency, reliability. The district judge's decision to deny my client's second motion for a sentence reduction should be vacated and remanded for additional findings. The two questions, it seems to me, one is whether he's eligible for resentencing under Freeman, and let's put that one aside for the moment and just talk about the discretion, the exercise of discretion, which is the second point, and I guess you're taking some issue with that. And I'd like to find out more precisely why you think this was an abuse of discretion to turn this, to refuse to resentence him. Yes, Your Honor. A lower sentence. Our papers submitted that the district judge was correct in finding him eligible, but that the district judge made some errors with respect to denying the motion. Why couldn't he take into account the fact that he had already given him a reduction in the prior, and that ultimately, I mean, after you consider the three, five, five, three factors, the judge is then free to reach a conclusion as to the appropriate sentence in light of that, and make whatever deviations are necessary from the guidelines. Here, in fact, this guideline sentence, I think, was within the guidelines, right? Well, ultimately, on the second motion, he was subject to the seventy-seven to ninety-six month range, and then in accordance with the plea agreement, an additional three years, which would get us to a hundred and thirty-two months. The judge decided to decline to reduce the sentence to a hundred and thirty-two months, and it stands at a hundred and fifty-one months. Right. No good sentencing case can go forward without some math. That's the math. Right. The problem with what the judge did was that it was a surprise both to my client, and I think to anyone looking at this case, that in this particular proceeding, unlike the original sentencing and the decision in which the judge granted his first motion for resentencing reduction, the judge pointed to his criminal history, in particular a conduct that occurred before he had been arrested, including a crime for which he had been acquitted. And the judge had not in the past made any comment with respect to that particular conduct. Well, I would argue that it goes against the thrust of the sentencing guidelines, which were enacted for the purpose of reliability and consistency in sentencing, to avoid surprise. It obligates the judge to consider all of the factors that may inform a sentence. Now, I understand that the judge did not reference this factor beforehand, but I don't understand you to be arguing that it was impermissible for him to do so. And so, to the extent that the judge's 3553 obligations supersede the guidelines, the guidelines are only one of the 3553 factors, I'm having trouble understanding what the error is, what the abuse of discretion is. It's the surprise. I believe I said it to one opinion in my brief. You do agree, though, that a judge can sentence appropriately under 3553 without specifying all of the factors and discussing them in detail, if the court is satisfied that he considered the requirements under that section. I do, Your Honor. I agree with that. And I want to also mention Judge Raji. I agree that he is allowed to consider the criminal history to the extent of the crimes for which he had been convicted. So, the judge did not err there. I don't want the judge to have assumed that your client murdered anyone. As you said, he was acquitted of that. But he did cite the fact that your client was in a situation that, you know, even if he managed to succeed on his self-defense claim, nevertheless resulted in a life being taken. And I'm not sure why the judge could not decide that the circumstances of your client's past were such that, for the crime he was sentencing him on, he didn't think any further reduction was warranted. I mean, the one thing I would point to is the law of the doctrine of the case. I'm sorry, the doctrine of the law of the case. What was the law of the case? 3553? Well, I would just say that my client, I think, should have been able to rely on the prior rulings and this not being the pivotal factor in his dissenting decision. With respect to your client's history, as you yourself have said, it was just a matter that the judge did not specifically highlight it before. But there's no rule of the case on that point. He didn't rule and say, I make as a finding that this is irrelevant. He did not make a finding that it was irrelevant. But it was not used as a factor to increase or to, in this case, not decrease the punishment upon request based on an amendment to the guidelines. He could have made this ruling at the first motion. I know of no rule that says that in a situation like this, because the judge doesn't raise it the first time expressly, that somehow the judge has waived the right to do it or somehow has forfeited the right to do it. I mean, there's no case that you can cite in that regard, is there? The one opinion I did cite, too, and I apologize, I forget which circuit it's from, but it's United States v. Knodi, K-N-O-D-I. In that particular case, on a slightly different matter, the judge ruled with respect to the admissibility of evidence of acquitted crime or crime that had not been proven, uncharged crime, at the trial level, during trial. And then during the sentencing, came back and used that as evidence of an enhancement. I believe it was in the crime and the furtherance and the use of a firearm. Whatever that case may hold, that case deals with specific evidence as opposed to considerations. And we have to recognize that the judge actually did consider criminal history, even though he didn't expressly state it the first time around, under 3553, because he made a, he imposed a sentence under that section. And we presume that he considered all of the requirements of that section. I just think that he should have explained why, for the first time, this was so pivotal to him. My client's going to spend an additional 19 months, I realize, less than his original sentence, but 19 months more than he understood himself to be obligated to serve based on the amendment. And I think that a remand with an explanation is something that will provide clarity to the courts in the future. And I. Thank you, Ms. McCampbell. I know you want to reserve some time for rebuttal. Thank you. May it please the court. Stephen Clymer for the United States. I'll begin by assuming eligibility and addressing the second point in the government's brief, the one that the court was just questioning my colleague about, which is, did the district court judge abuse his discretion? And the defense seems to take what I guess I would characterize as a use it or lose it position with respect to the district court judge's discretion. And finds that for some reason, if the district court judge doesn't cite to and rely on a particular fact known to it at the time it grants the first reduction motion, it somehow foreclosed from considering and relying on that factor the second time around. The defendant again moves for reduction. And I think there are at least four reasons why that's wrong, one of which I think you've already questioned, counsel about which is that it's inconsistent with the obligation a district court judge has under 3553A to consider all the sentencing factors. In addition, it's also inconsistent with another federal statute, 18 USC 3661, which states that no limitation may be placed on the considerations a district judge is allowed to take into account when imposing sentence. Third, it's inconsistent with the sentencing guidelines, which specifically obligate the district court in 1B1.10 to take public safety concerns into consideration when a sentence reduction motion is in front of it. Finally, as we pointed in our papers, it's inconsistent with the decision of this court in Wilson, where a district court judge did exactly what the district court judge did here, which is not mention or rely on information known to it when it first granted a reduction. In that case, it was prison disciplinary violations that predated the first reduction motion. The court granted the reduction motion without saying anything about those violations. The second time around, when the defendant moved for a second reduction, the district court relied on those earlier disciplinary violations and this court affirmed. I understood, Ms. McCampbell, while she's challenging the district court doing this at all, she's also in the alternative suggesting that there was some surprise and lack of adequate explanation that would warrant at a minimum a remand for the defendant to be heard on this specific point and the judge to explain any decision based on it. What's your response to that?  The first reason is there was no surprise here. The government in its papers specifically asked the judge to exercise his discretion on the very grounds the judge did exercise. Against a further reduction. Exactly. It's at appendix pages 125 and 126 is the government's papers where we asked the judge. First we argue that the defendant was not eligible and then we say even if he is eligible, you should deny it using your discretion because of his criminal history and we cited in detail to the criminal history that the district court later relied on. So there was no surprise here. Even if the government hadn't made that argument, however, there's no requirement that a district court give advanced notice to a defendant of the factors on which it intends to rely to deny a sentence in redundancy. Well, if the government had not presented those facts and it came out of the blue, there might be a question of whether the sentence should be adjourned because the person may not have prepared for it. If the government isn't going to advance or give any kind of advance notice. I mean, there could be, I'm not saying surprise would operate to bar consideration, but there may be due process considerations. I suppose that's possibly right. I would think the appropriate thing to do in that situation is for the defendant to notify the court at that time and for ask for permission to argue. That was never done here. You know, there's nobody ever came back to the court and said, we didn't understand that that was at issue here. Obviously, because it was at issue, the government put it at issue, but it seems to me that would be the appropriate response. If the court is inclined to entertain, I'll jump into the Freeman quagmire at this point and make some observations on why I believe Mr. Van Hosen was not eligible in the first place for a sentencing reduction, and that's an alternate ground for this court to decide this case. Obviously, the first step in the Freeman analysis would be to ask the question, what is the controlling law after Freeman, a question this court left open after the Leonard case? And I don't believe the court has to answer that question here, because I think under any approach it takes, Mr. Van Hosen was not eligible for a sentencing reduction, but I'll just say that obviously that would be the first step in the analysis. So- You're saying the district court did not err in not granting a reduction. The district court did the right thing, but I believe it was wrong in saying that Mr. Freeman, I'm sorry, Mr. Van Hosen was eligible, I don't believe he was eligible. Let's suppose, for example, one option is to say after Freeman there's no controlling authority. I take the minority positions taken by the DC circuit and the 9th circuit and say that Justice Sotomayor's concurrence is not the logical subset of the plurality decision. Then I think that this court has to ask whether its pre-existing authority in Maine and Green controls here, because then there's no Supreme Court decision overruling it. And at most, Freeman would govern under the facts present there. And in Freeman, of course, it involved a within guideline sentence that everybody agreed was determined based on calculating the guidelines. Facts we do not have here, our facts are much more similar to Maine. So if Maine applies, Defendant Van Hosen clearly was ineligible. If Maine doesn't apply, either because this court for some reason believes Freeman abrogates it, or if this court decides that either the Freeman concurring opinion controls or the Freeman plurality controls. I think the outcome is exactly the same. If the concurrence applies, and we look to the agreement itself, as Justice Sotomayor recommends, I believe it's clear that the agreement in this case did not base the sentence by looking at the guidelines, it based the sentence on something else. It reached that conclusion from something else. The agreement never identifies a sentencing range, it never identifies an offense level, it never identifies any specific offense characteristics or adjustments, never talks about a criminal history category, never mentions a departure, never mentions a variable. In the words of the First Circuit, it never identifies any integer one would need in order to make a guidelines calculation. So basically, what Justice Sotomayor said was that if a guideline range is specified in the agreement, and that the sentence ought to be within that range, or there is a specific sentence recommended that is a result of applying the guidelines, and that's specified in the agreement, then those are her two exceptions. Exactly, and I don't believe we're anywhere close to either one of those two exceptions in this case, Your Honor. So the plurality that would go the other way is simply, I guess saying that if the agreement is a guidelines case and it could arise as a result of people would think about the guidelines before they enter into agreement, that that's enough. My understanding of the plurality decision in Freeman, Your Honor, is the question it asks is, did the district court judge rely on the guidelines when it accepted the agreement? I see my time's not up yet, and- Or did it rely on the guidelines in deciding its sentence? The suggestion was that it started with the guidelines, and in essence, what it did was vary from them. Exactly, and the salient point I'd like to make about the plurality is this. It is not a categorical rule. The plurality makes very clear that it is likely, in other words, in most cases, a district court judge will rely on the guidelines when deciding whether to accept or reject an 11C1C plea. And we don't take issue with that principle. What is the circuit split after Freeman right now? Freeman, I believe eight circuits have said that Justice Sotomayor's concurring opinion is- Controls. Is controls, and two circuits, the DC Circuit and the Ninth Circuit, have said that it is not a controlling opinion. And this court, I believe, is the only circuit that has not yet resolved the issue. And as I say, I don't believe you have to resolve it here, because I think even under the plurality rule, Van Hosen is not eligible, and I'll explain why. This court- When eight circuits have said that, we also have eight justices of the Supreme Court who disagreed with it. The four in the plurality and the four in dissent, right? Yes and no, I believe you're right. There's eight justices who disagree with Justice Sotomayor's decision, but Chief Justice Roberts in dissent characterized Justice Sotomayor's decision as controlling. So Justice Roberts agrees with the majority. Now I understood it, but okay. In any event, let's assume for a moment that the- Sir, could I have the Supreme Court clarify this question for us? Typically, three different opinions and capable of being read lots of different ways. Let me ask you this, why should we address it at this point? Is there any reason for us to do that? I'm not, there is no need, Your Honor, I don't believe there is. And if the court would prefer, I'll sit down, because my time is up. But I do believe it's the case that Van Hosen wasn't, even under the plurality decision, Van Hosen's not eligible. Okay. Thank you. Mr. Campbell. Counsel says there's nothing to your complaint about not getting noticed because the government specifically argued for a denial based on the criminal history in its letter. What's your response to that? They did do that with respect to Mr. Van Hosen's second motion for a sentence reduction. They also did it with- That's the one that's at issue. But they also did it with respect to his first motion for a sentence reduction. So it was squarely before the court, and yet the court did not comment on it. Right, but then they renewed the argument, so it's not like you didn't know that the government was going to press this. But it hadn't been, it hadn't had an impact with the judge to date. It hadn't resonated with him. It hadn't resulted- It's a lack of notice that the issue could be before the court. I wouldn't say it's a lack of notice as much as it just goes to the reliability and consistency of decision making with respect to sentencing. We envision a system in this country that has consistent, uniform, and reliable results. And this particular set of decisions leads to an arbitrary result. And I think that if the court- That's a little different from your earlier argument. Your earlier argument led us to believe that you were surprised, at least that's what was conveyed to me. And that's why we asked about this. It does, I mean, there is the surprise factor from the perspective of the client. You couldn't have been surprised because the government made the argument. Well, I didn't represent him below, but I'm speaking on behalf of the client. For him, it's hard for him to understand why this, after all of these years, after all of these decisions, is suddenly central and pivotal to the court's decision. And that is, to me, runs against the holdings, the prior holdings in this case, the goals of the sentencing guidelines. Judge took into account the prior convictions the first time and reduced the sentence to what was appropriate under those circumstances. There would be really no need to discuss it. And then, all of a sudden, the defendant is now down to a lower amount. And so, his prior conduct becomes more relevant than it would have before. It's easy for me to see how a judge would take it into account the second time and maybe let it pass the first time. Think about it, but maybe not be so concerned about it. And given the first reduction, but then consider it more deeply when it comes to the second one. And I think if he had given an explanation as to why, that would be a different situation. But here, we're guessing, all of us are essentially guessing at why he made the decision that he did. And I think that that renders appellate review difficult. And that's one of the issues with this particular decision. I have about 45 seconds. I wanted to address the issues with respect to Freeman. I believe that my client is eligible under the plurality opinion. The district judge himself said that he took the guidelines into account in making the decision as to whether or not to reduce the sentence and in the original sentence. The plea agreement itself mentions the guidelines four times on page 168 and then indirectly on page 167 and 168 of the record. My client was asked at both the plea and the sentencing if he understood the guidelines and if he knew that the judge was required to consider them, and he did. So, with respect to the record, I think- The judge calculated the guidelines? He did. He found that the defendant was in the range of 135 to 168 months with a base offense of 30 and a criminal history of four. That was on the record at the sentencing at page 59 and at page 60 the judge stated that he had reasons based on the submissions of the parties to depart from that particular range and to go higher, which he did ultimately at 204 months. So, on the record, I believe he qualifies under Freeman. I would encourage this court to rule along the same lines as the DC circuit and the Ninth Circuit on Bonk that there is no particular controlling opinion from Freeman and that the plurality is the most persuasive and it should be adopted by this court. Thank you. Thank you. We're going to take matter under advisement that we'll wait for Judge Cabranes to have the opportunity to review your arguments. Thank you very much.